UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DEADRA POWELL**                                   **CASE NO. 3:23-CV-00391**

**VERSUS**                                          **JUDGE DAVID C. JOSEPH**

**LASALLE CORRECTIONS L.L.C.**                     **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim [doc. #10], filed by Defendant LaSalle Corrections, LLC. The motion is opposed. [doc. #14]. For reasons assigned below, it is RECOMMENDED that Defendant's motion to dismiss [doc. #10], be DENIED.

## Background

On March 27, 2023, Plaintiff Deadra Powell ("Plaintiff") filed the instant collection action to recover unpaid overtime and other damages from Defendant LaSalle Corrections, LLC ("Defendant") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. [doc. #1]. Plaintiff worked for Defendant as a Licensed Nurse Practitioner at Richwood Correctional Center ("RCC") from approximately March 2016 until January 2021. *Id.* at 2. Plaintiff alleges that throughout her employment, Defendant failed to pay her and the putative class members for all the hours they worked. *Id.* at 1. Specifically, Plaintiff alleges that Defendant automatically deducted 30 minutes a day from employees' work time for meal breaks but failed to provide them with actual breaks. *Id.* Plaintiff also alleges that Defendant required Plaintiff to attend daily briefings before her shifts but did not pay her for attending. *Id.* at 2.

On May 4, 2023, Defendant filed the instant motion to dismiss, arguing that Plaintiff's claims are barred by the FLSA's two-year statute of limitations. [doc. #10, p. 4]. On May 25, 2023, Plaintiff filed her opposition brief, arguing that, because Defendants willfully violated the FLSA, her complaint is governed by a three-year statute of limitations. [doc. #14, p. 1]. On June 1, 2023, Defendant filed its reply. [doc. #15].

Accordingly, briefing is complete. This matter is ripe.

### **Rule 12(b)(6) Principles**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief, inter alia, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 663. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 663. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to

make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice"—including public records.

3

*Dorsey*, 540 F.3d at 338; *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (proper to take judicial notice of matters of public record).

## **Analysis**

In its motion to dismiss, Defendant argues that Plaintiff's complaint is untimely, and, therefore, should be dismissed. [doc. #1, p. 10]. Specifically, Defendant argues that Plaintiff fails to allege any facts that show Defendant willfully violated the FLSA, and, therefore, Plaintiff's complaint is subject to the FLSA's two-year statute of limitations rather than the three-year statute of limitations imposed for willful violations. [doc. #10, p. 6].

Generally, the FLSA imposes a two-year statute of limitations. 29 U.S.C. § 255(a). The statute of limitations is extended to three years for willful violations of the FLSA. *Id.*; *see also Ramos v. Al-Bataineh*, 599 F. App'x 548, 551 (5th Cir. 2015). "An employer willfully violates the FLSA if it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

Here, the issue is whether Plaintiff has sufficiently pled willfulness such that her claim is subject to the FLSA's three-year statute of limitations. Defendants argue that Plaintiff has plead no facts that make willfulness plausible—rather, Plaintiff pleaded only "bare bones recitals of the law" that are insufficient to show that the three-year statute of limitations applies. [doc. #10, p. 8].

Conversely, Plaintiff argues that she was not required to allege willfulness because the FLSA's statute of limitations is an affirmative defense, and, as such, Defendant must plead and prove it. [doc. #14, pp. 6–7]. Alternatively, Plaintiff argues that, even if she was required to plead specific facts in support of her allegation of willfulness, she has done so. *Id.* at 9.

Thus, the Court must determine whether Plaintiff sufficiently pled willfulness to overcome Defendant's motion to dismiss. The Fifth Circuit has not yet addressed the standard that courts should apply to determine whether a plaintiff plausibly alleges willfulness, and other Circuits that have done so are split. *See Cunningham v. Hamilton-Ryker IT Sols., LLC*, Civ. No. 3:21-cv-00302, 2022 WL 868709, at *2 (S.D. Tex. Feb. 16, 2022). In *Cunningham*, Judge Edison explained that the Ninth and Tenth Circuit have both held that "the mere allegation of willfulness is enough to pass muster at the pleading stage." *Id.* (citing *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298 (10th Cir. 2018); *Rivera v. Peri Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013)). Thus, in the Ninth and Tenth Circuits' view, "FLSA plaintiffs need not plead specific facts regarding willfulness because they are only required to allege sufficient factual allegations for the elements of their FLSA claim, not factual allegations relating to a possible statute of limitations defense." *Id.* Conversely, the Second Circuit has held that "FLSA plaintiffs are required to plead willfulness with particularity to survive a motion to dismiss." *Id.* (citing *Whiteside v. Hover-Davis, Inc.*, 955 F.3d 315, 320 (2d Cir. 2021)). "In so ruling, the Second Circuit found that 'willfulness operates as an independent element of claims for *willful* violation of the FLSA—a subset of FLSA claims pursuant to which an employer is subject to heightened liability.'" *Id.* (citing *Whiteside*, 995 F.3d at 322).

District courts within the Fifth Circuit are split along the same lines. Some courts adopt the Ninth and Tenth Circuits' standard. *See id.* (citing *Hernandez-Conte v. IWC Holdings of Tex., LLC*, No. SA-20-CV-01118-XR, 2021 WL 168953, at *3 (W.D. Tex. Jan. 19, 2021) ("[P]laintiffs generally are not required to prove willfulness without the benefit of discovery, and ruling on allegations of willfulness at the motion to dismiss stage are disfavored."); *Frazier v. Dall./Fort Worth Int'l Airport Bd.*, No. 3:16-CV-2657-M, 2017 WL 2766087, at *3 (N.D. Tex. June 25,

2017) ("Conclusory allegations of willfulness may survive a 12(b)(6) motion to dismiss."); *Craven v. Excel Staffing Serv., Inc.*, No. CIV.A. H-12-2860, 2014 WL 345682, at *8 (S.D. Tex. Jan. 30, 2014) ("As for the allegation that Defendants willfully violated the FLSA, that matter contains questions of fact, and at this pleading stage prior to discovery the motion to dismiss it is premature."); *Albanil v. Coast 2 Coast, Inc.*, No. CIV.A. H-08-486, 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008) ("FLSA plaintiffs are not required to prove willfulness without the benefit of discovery.")). Others adopt the Second Circuit's standard. *Id.* (citing *Kharb v. Ericsson, Inc.*, No. 4:17-CV-619, 2019 WL 1198399, at *4 (E.D. Tex. Mar. 14, 2019); *see also Villegas-Rivas v. Odebrecht Constr., Inc.*, No. 4:18-CV-1181, 2018 WL 4921922, at *4 (S.D. Tex. Oct. 10, 2018) (same); *Irvin v. Masters Advanced Remediation Servs., Inc.*, No. H-16-2488, 2016 WL 7406750, at *3 (S.D. Tex. Dec. 22, 2016) (holding that a plaintiff must "adequately plead a willful FLSA violation to survive the motion to dismiss")).

Returning to *Cunningham*, Judge Edison observed that it made no difference which pleading standard applied, as Plaintiff satisfied both standards. 2022 WL 868709, at *3. The same is true in the instant case. If this Court applies the Ninth and Tenth Circuits' standard that cursory allegations of willfulness are all that is necessary, Plaintiff meets that burden. Her complaint alleges that Defendant willfully violated the FLSA. *See* Compl. ¶¶ 80, 108, 118 [doc. #1, pp. 9, 13–14].

And if the Court applies the Second Circuit's standard that a plaintiff must plausibly allege a willful violation of the FLSA to overcome a Rule 12(b)(6) motion to dismiss, Plaintiff satisfies that burden as well. In her complaint, Plaintiff alleges, in relevant part, the following:

- "Lasalle automatically deducted 30 minutes a day from [Powell and Putative Class Members'] work time for so-called meal breaks." [doc. #1 ¶¶ 5, 18, 30, 40, 47].

6

- "Lasalle require[d] Powell and the Putative Class Members to remain on-duty throughout their shifts and continuously subject[ed] them to interruptions during their unpaid 'meal breaks.'" *Id.* at ¶¶ 8, 22, 49.

- "Powell and the Putative Class Members were thus not paid for that time." *Id.* at ¶¶ 6, 31–32.

- "Lasalle [also] uniformly require[d] Powell and the Putative Class Members to attend daily briefings 'off the clock' before their shifts." *Id.* ¶¶ 10, 19, 22, 41, 54–57.

- "But Powell and the Putative Class Members were not paid for [that] 'off the clock' work." *Id.* at ¶¶ 11, 67.

- "Lasalle knew, or should have known, that (1) Powell and the Putative Class Members were performing unpaid work during their 'meal breaks,' (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes." *Id.* at ¶ 50.

- "Lasalle knows Powell and the Putative Class Members routinely perform work 'off the clock' before their shifts and/or during their unpaid meal breaks because Lasalle expects and requires these employees to do so." *Id.* at ¶ 66.

- "Lasalle knew, or should have known, it was subject to the FLSA, including its overtime provisions." *Id.* at ¶ 74.

- "Lasalle knew, or should have known, the FLSA requires it to pay employees, including Powell and the Putative Class Members, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek." *Id.* at ¶ 75.

- "Lasalle knew, or should have known, Powell and the Putative Class Members worked more than 40 hours in a week." *Id.* at ¶ 76.

- "Lasalle knew, or should have known, Powell and the Putative Class Members regularly worked during their unpaid meal breaks because Lasalle expected and required them to do so." *Id.* at ¶ 77.

- "Lasalle knew, or should have known, Powell and the Putative Class Members regularly worked 'off the clock' before their shifts because Lasalle required them to attend mandatory preshift briefings." *Id.* at ¶ 78.

- "Lasalle knew, should have known, or showed reckless disregard for, whether the conduct described in [Powell's] Complaint violated the FLSA." *Id.* at ¶ 79.

- "Lasalle knowingly, willfully, and/or in reckless disregard carried out [its] illegal policies and practices depriv[ing] Powell and the Putative Class Members of overtime compensation for all overtime hours worked in violation of the FLSA." *Id. at* ¶ 80.

At the 12(b)(6) stage, these allegations are sufficient to support a willfulness claim. As discussed above, "an employer willfully violates the FLSA if it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Cunningham*, 2022 WL 868709, at *3 (quoting *McLaughlin*, 486 U.S. at 133). Here, Plaintiff alleges that she and the putative class members were not paid for required "off the clock" work and regularly worked more than 40 hours a week but were not paid for overtime, all despite the fact that Defendant was aware of its responsibilities under the FLSA. Thus, Plaintiff's complaint contains sufficient facts to plausibly allege willfulness. *See id.*; *see also Bryan v. DirectTV, LLC*, No. 14-cv-0363, 2016 WL 3348591, at *4 (W.D. La. June 10, 2016) (Plaintiffs' complaint contained more than "naked assertions devoid of further factual enhancement" such that they plausibly alleged willful violation of the FLSA); *Virgen v. Conrad Indus., Inc.*, Civ. No. 6:15-0465, 2015 WL 5638097, at *3 (W.D. La. Aug. 16, 2015) (same). At the 12(b)(6) stage, Plaintiff's claims are not untimely, and dismissal is not warranted.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's motion to dismiss for failure to state a claim [doc. #10], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 31st day of July, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE