UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| DEADRA POWELL, Individually and for Others Similarly Situated | * CIVIL ACTION NO. 3:23-cv-00391 |
| | * |
| | * |
| Plaintiff, | * |
| | * JUDGE DAVID C. JOSEPH |
| VERSUS | * |
| | * |
| LASALLE CORRECTIONS, LLC, | * MAGISTRATE JUDGE KAYLA D. |
| | * MCCLUSKY |
| Defendants. | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \***

## DEFENDANT'S ANSWER TO COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendant LaSalle Corrections, LLC ("LaSalle"), who respectfully responds to Plaintiff's Original Collective Action Complaint ("Complaint") as follows:

### Summary

1. Paragraph 1 of the Complaint is an introductory statement alleging conclusions of law, which require no response of Defendant. To the extent that any response is deemed required, Defendant denies the allegations of this Paragraph.

2. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff was employed by CorrectMed, LLC as a Licensed Practical Nurse ("LPN"), Defendant denies the remaining allegations of this Paragraph as written.

3. Defendant denies the allegations of Paragraph 3 of the Complaint.

1

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint.

6. Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 12 of the Complaint.

### Jurisdiction and Venue

13. In response to Paragraph 13 of the Complaint, Defendant admits that this Honorable Court has jurisdiction over this lawsuit as currently plead.

14. In response to Paragraph 14 of the Complaint, Defendant admits that venue is proper for this lawsuit.  All other factual allegations are denied.

15. In response to Paragraph 15 of the Complaint, Defendant admits that venue is proper for this lawsuit.  All other factual allegations are denied.

### The Parties

16. Defendant denies the allegations of Paragraph 16 of the Complaint as written.

17. Defendant denies the allegations of Paragraph 17 of the Complaint as written.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. The allegations contained in Paragraph 20 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint and reserves all rights to challenge the proposed collectives.

24. Defendant denies the allegations of Paragraph 24 of the Complaint and reserves all rights to challenge the proposed collectives.

25. Defendant admits the allegations of Paragraph 25.

26. Defendant admits the allegations of Paragraph 26.

### Coverage Under the FLSA

27. Defendant denies the allegations of Paragraph 27 of the Complaint as written.

28. The allegations contained in Paragraph 28 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 28 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. The allegations contained in Paragraph 32 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 32 of the Complaint.

**Factual Allegations**

33. Defendant denies the allegations of Paragraph 33 of the Complaint as written.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint as written.

38. Defendant denies the allegations of Paragraph 38 of the Complaint as written.

39. Defendant denies the allegations of Paragraph 39 of the Complaint as written.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint as written.

44. Defendant denies the allegations of Paragraph 44 of the Complaint as written.

45. Defendant denies the allegations of Paragraph 45 of the Complaint as written.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. The allegations contained in Paragraph 50 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint as written.

56. Defendant denies the allegations of Paragraph 56 of the Complaint as written.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. The allegations contained in Paragraph 59 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint as written.

62. Defendant denies the allegations of Paragraph 62 of the Complaint as written.

63. Defendant denies the allegations of Paragraph 63 of the Complaint as written.

64. Defendant denies the allegations of Paragraph 64 of the Complaint as written.

65. The allegations contained in Paragraph 65 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint for lack of sufficient information.

69. Defendant denies the allegations of Paragraph 69 of the Complaint for lack of sufficient information.

70. Defendant denies the allegations of Paragraph 70 of the Complaint for lack of sufficient information.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint for lack of sufficient information.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. The allegations contained in Paragraph 74 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 74 of the Complaint.

75. The allegations contained in Paragraph 75 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 75 of the Complaint.

76. The allegations contained in Paragraph 76 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 76 of the Complaint.

77. The allegations contained in Paragraph 77 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 77 of the Complaint.

78. The allegations contained in Paragraph 78 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 78 of the Complaint.

79. The allegations contained in Paragraph 79 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 79 of the Complaint.

80. The allegations contained in Paragraph 80 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 80 of the Complaint.

81. Defendant denies the allegations of Paragraph 81 of the Complaint.

82. The allegations contained in Paragraph 82 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 82 of the Complaint.

**Factual Allegations**

83. The allegations contained in Paragraph 83 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant

denies the allegations of Paragraph 83 of the Complaint and reserves all rights to challenge the proposed collectives.

84. The allegations contained in Paragraph 84 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 84 of the Complaint.

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

86. The allegations contained in Paragraph 86 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 86 of the Complaint.

87. The allegations contained in Paragraph 87 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 87 of the Complaint.

88. The allegations contained in Paragraph 88 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 88 of the Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Complaint.

90. Defendant denies the allegations of Paragraph 90 of the Complaint.

91. Defendant denies the allegations of Paragraph 91 of the Complaint.

92. Defendant denies the allegations of Paragraph 92 of the Complaint.

93. Defendant denies the allegations of Paragraph 93 of the Complaint for lack of sufficient information.

94. Defendant denies the allegations of Paragraph 94 of the Complaint.

95. Defendant denies the allegations of Paragraph 95 of the Complaint.

96. Defendant denies the allegations of Paragraph 96 of the Complaint.

97. Defendant denies the allegations of Paragraph 97 of the Complaint.

98. Defendant denies the allegations of Paragraph 98 of the Complaint.

99. The allegations contained in Paragraph 99 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 99 of the Complaint.

100. The allegations contained in Paragraph 100 of the Complaint, including its subparts, constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 100 of the Complaint.

101. Defendant denies the allegations of Paragraph 101 of the Complaint.

102. Defendant denies the allegations of Paragraph 102 of the Complaint for lack of information.

103. Defendant denies the allegations of Paragraph 103 of the Complaint.

104. Defendant denies the allegations of Paragraph 104 of the Complaint.

105. Defendant denies the allegations of Paragraph 105 of the Complaint.

106. Defendant denies the allegations of Paragraph 106 of the Complaint.

107. Defendant denies the allegations of Paragraph 107 of the Complaint.

108. Defendant denies the allegations of Paragraph 108 of the Complaint.

109. Defendant denies the allegations of Paragraph 109 of the Complaint.

110. Defendant denies the allegations of Paragraph 110 of the Complaint.

111. The allegations contained in Paragraph 111 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 111 of the Complaint.

112. Defendant denies the allegations of Paragraph 112 of the Complaint for lack of information.

**Cause of Action**

**<u>Violations of the FLSA</u>**

113. The allegations of Paragraph 113 of the Complaint constitute legal reservations, which require no response. To the extent that a response is deemed required, Defendant denies the allegations.

114. The allegations contained in Paragraph 114 of the Complaint are not directed to Defendant and require no response. To the extent that a response is required, Defendant denies the allegations of Paragraph 114.

115. Defendant denies the allegations of Paragraph 115 of the Complaint.

116. Defendant denies the allegations of Paragraph 116 of the Complaint.

117. Defendant denies the allegations of Paragraph 117 of the Complaint.

118. Defendant denies the allegations of Paragraph 118 of the Complaint.

119. Defendant denies the allegations of Paragraph 119 of the Complaint.

120. Defendant denies the allegations of Paragraph 120 of the Complaint.

**<u>Jury Demand</u>**

121. Defendant joins in Plaintiff's request for trial by jury.

## Relief Sought

Defendant denies all allegations of fact and law in Plaintiff's "relief sought," inclusion of subparts A through F.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is not appropriate for collective action treatment under 29 U.S.C. § 216(b).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is neither "similarly situated" to members of the opt-in class, which Plaintiff seeks to represent under 29 U.S.C. § 216(b).

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times to this lawsuit, Defendant acted in good faith and did not violate any of Plaintiff's rights under any federal or state law, regulation, or guideline and had reasonable grounds for believing its actions with respect to Plaintiff were not in violation of any law, rule, regulation, or guideline.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed on the grounds that Plaintiff lacks standing to bring or maintain all or part of this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff is not a covered "employee" under the Fair Labor Standards Act or other applicable law. Nor is Defendant an "employer" of Plaintiff as defined by the Fair Labor Standards Act.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged overtime work by Plaintiff or those potentially similarly situation was not compensable as Plaintiff and those potentially similarly situated were exempt employees.

### NINTH AFFIRMATIVE DEFENSE

Those alleged to be "similarly situated" to Plaintiff have no common duty, lack numerosity and fail to satisfy legal requirements for collective action under the FLSA.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claimed damages were caused, in whole or in part, by her failure to follow Defendant's policies, Plaintiff's claims are barred by the doctrine of in *pari delicto* and the doctrine of avoidable consequences.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her own behavior, the doctrine of unjust enrichment and the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff would be awarded damages, the damages should be reduced by Plaintiff's failure to mitigate her damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint may be untimely and/or barred by one or more contractual defenses, waiver, unclean hands, accord and satisfaction, res judicata and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks liquidated damages, that request should be dismissed because Defendant acted with legitimate business purposes and  did not act with malice or with reckless disregard for Plaintiff's federally protected rights, therefore, Plaintiffs are not entitled to an award of liquidated damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiffs failed to exhaust the administrative remedies required to purse a claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery in this matter, if any, must be limited by applicable damages caps.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of sovereign and governmental immunity under Federal and Louisiana law, which protects the States, their agencies, political subdivision and officials from suit and liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the fault of others for whom Defendant is not responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset of any alleged damages that may be awarded to Plaintiff or those similarly situated based on sums Defendant, which were in excess of the scope of work, performed.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset of any alleged damages that may be awarded to Plaintiff or those similarly situated based on sums Defendant, which were in excess of the scope of the work defined performed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to add additional affirmative defenses, as they become known through further investigation and/or discovery.

**WHEREFORE**, Defendant, LaSalle Corrections, LLC, prays that its Answer to Plaintiff's Original Complaint – Collective Action be deemed good and sufficient and, after due proceedings are had there be judgment herein in its favor and against Plaintiff, Deadra Powell, individually and on behalf of all other similarly situation, at Plaintiff's costs, and for all other general and equitable relief.

**McGLINCHEY STAFFORD, PLLC**

*/s/ Camille R. Bryant*
Deirdre C. McGlinchey (24167)
dmclginchey@mcglinchey.com
Magdalen Blessey Bickford (17472)
mbickford@mcglinchey.com
Camille R. Bryant (35063)
cbryant@mcglinchey.com
12th Floor, 601 Poydras Street
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 596-2800
*Attorneys for Defendant, LaSalle Corrections LLC*

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service.  This document is available for viewing and downloading from the Court's ECF system.

*/s/ Camille R. Bryant*
Camille R. Bryant
